**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVNAIA**

In re: JOHN BRADLEY JR,               : Adversary Proceeding
                                      : 5:13-ap-00247
    Debtor.                          :

---

JOHN BRADLEY JR,                      :
                                      : CIVIL ACTION NO. 3:14-cv-02500
    Appellant,                       : (JUDGE MARIANI)
                                      : (APPEAL FROM BANKRUPTCY COURT)
    v.                               :
                                      :
BANK OF AMERICA N.A.;                 :
BAC HOME LOANS SERVICING LP;          :
NATIONSTAR MORTGAGE LLC,              :
                                      :
    Appellee(s).                     :

---

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant John Bradley Jr. ("Appellant") filed a Notice of Appeal from Bankruptcy

Court (Doc. 1) concerning Bankruptcy Judge John J. Thomas's Order permissively

abstaining from hearing Appellant's adversary case (Doc. 1-3) ("Abstention Order") as well

as Bankruptcy Judge Thomas's Orders denying Appellant's "Order to Show Cause for

Sanctions" (Doc. 1-1) and "Motion for Contempt Sanctions" (Doc. 1-2) ("Sanctions Orders").

For the reasons explained below, this Court will affirm Bankruptcy Judge Thomas's

Abstention and Sanctions Orders and will deny Appellant's appeal accordingly.

## II. BACKGROUND

On July 7, 2007, Appellant executed a Promissory Note in favor of Shelter Mortgage Company, LLC, the amount of $147,900.00. (*See* Doc. 9-7 at 15.) Contemporaneously with executing the Note on July 7, 2007, Appellant executed a mortgage in favor of MERS as nominee for Shelter granting a security interest in Appellant's property located at 8155 North Ridgebrook Drive, North Charleston, South Carolina 29420 (the "Property"). (*See Id.* at 46.) On August 3, 2007, the Mortgage was recorded with the Register of Deeds of Dorchester County, South Carolina as Instrument No. 147 in Book No. 6182, Page 328. (*See* Doc. 9-7 at 18.)

On June 9, 2011, the Mortgage was assigned to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP (the "BAC Assignment"). (*See* Doc. 9-7 at 38.) The BAC Assignment was recorded on June 16, 2011 with the Register of Deeds of Dorchester County, South Carolina as Instrument No. 52, Book 7918, Page 11-12. On June 28, 2011, BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing LP merged with Bank of America, N.A. effective July 1, 2011. On June 28, 2011, the Secretary of State for the State of Texas issued a Certificate of Merger accepting the merger into Bank of America effective as of July 1, 2011. (*See* Doc. 9-7 at 40-41.) On May 31, 2013, Bank of America, N.A. assigned the Mortgage to Nationstar. The Nationstar assignment was recorded on June 17, 2013 with the Register of Deeds of Dorchester County, South

Carolina as Instrument No. 276, Book 8867, Page 40-41. Nationstar thus holds a claim secured by a duly recorded mortgage on the Property.

On June 25, 2012, Appellant filed for relief under Chapter 7 of the United States Bankruptcy Code. (*See* Case No. 5:12-bk-03741 at Doc. 1.) On August 2, 2012, Bank of America filed a Motion for Relief from the Automatic Stay. (*See Id.* at Doc. 17.) On September 17, 2012, Bankruptcy Judge Thomas entered an Order granting said Motion for Relief from the Automatic Stay. (*See Id.* at Doc. 25.) On September 27, 2012, the Bankruptcy Court docketed a second Order that vacated the September 17, 2012 Order and granted relief from the stay to Bank of America as to the Chapter 7 Trustee only. (*See Id.* at Doc. 29.) The denial of relief from the stay as to Appellant was without prejudice to Bank of America. (*See Id.*)

The Chapter 7 case was dismissed by the Bankruptcy Court on November 1, 2012. (*See Id.* at Doc. 31.) The loan was thereafter transferred to Nationstar and Nationstar resumed foreclosure with respect to Appellant's property located in South Carolina by obtaining an Order Restoring Case to the Active Roster in the Court of Common Pleas in Dorchester County, South Carolina on February 6, 2013.

On or about February 12, 2013, Appellant filed a Motion to Reinstate the Chapter 7 case (*id.* at Doc. 33) and the Bankruptcy Case was reinstated on February 14, 2013 (*id.* at Doc. 35). Nationstar claims again to have placed foreclosure proceedings on hold. (*See* Doc. 8 at 6.) On September 17, 2013, the Bankruptcy Court entered the Discharge Order

3

closing the bankruptcy case, thus terminating any automatic stay as to Appellant. (*See* Case No. 5:12-bk-03741 at Doc. 41.) Nationstar contends that it again resumed foreclosure proceedings in South Carolina State Court. (*See* Doc. 8 at 6.)

On October 24, 2013, Appellant separately filed Adversary Proceeding No. 13-00247-JJT in Bankruptcy Court, which was comprised of three counts seeking (1) a determination as to the Validity of Lien, (2) Injunctive Relief as part of a quiet title action, and (3) a Declaratory Judgment as to the relationship between the Appellant and the Defendants at the time. (*See generally* Case No. 13-00247 at Doc. 1.) On November 6, 2013, Appellant filed Adversary Proceeding No. 13-00274-JJT, seeking removal of the state court proceedings to Bankruptcy Court. (*See* Case No. 5:13-ap-00274 at Doc. 1.) On November 22, 2013, Nationstar filed a Motion to Dismiss the Complaint. (*See* Case No. 5:13-ap-00247 at Doc. 6.) On December 16, 2013, Nationstar filed a Motion for Remand as to the Notice of Removal. (*See* Case No. 5:13-ap-00274 at Doc. 3.)

On March 6, 2014, the Bankruptcy Court docketed Orders for both Adversary Proceedings. (*Id*. at Doc. 6.) As to the Notice of Removal, the Bankruptcy Court abstained from hearing the Notice of Removal and remanded the foreclosure proceedings to the state court in South Carolina. (*Id*.) As to the Complaint, the Bankruptcy Court dismissed Count II of the Complaint for injunctive relief but set a hearing date for Counts I and III of the Complaint. (*See* Case No. 5:13-ap-00247 at Doc. 9.) The Bankruptcy Court, in its opinion

dismissing Count II of the Complaint and scheduling a hearing to address Counts I and III, summarized the Complaint as follows:

> The gist of the Complaint alleges that the Debtor borrowed money to secure housing in South Carolina. He alleges that the original lender sold these loans 'into securitization'. He now challenges the standing of BANA to make demand on the original obligation. Nationstar is named as a Defendant because of an alleged assignment from BAC, an entity whose name appears on the assignment document.

(*Id*. at Doc. 5 at 3.)

On or about March 27, 2014, Nationstar filed an answer to the Complaint. (*Id.* at Doc. 11.) On June 12, 2014, Nationstar filed a Motion for Summary Judgment, in short, contending that there is no dispute of fact that Nationstar is in possession of the Note and is entitled to enforce it. (*See generally Id.* at Doc. 17.) On June 18, 2104, Appellant filed an Opposition to Nationstar's Motion for Summary Judgment (*See* Case No. 5:13-ap-00247 at Doc. 20), along with his Motion for Summary Judgment (*id*. at Doc. 21), a Request for Judicial Notice (*id.* at Doc. 23), an Order to Show Cause for Sanctions (*id*. at Doc. 25), and a Motion for Sanctions and Injunction against Nationstar (*id*.). On August 1, 2014, the Bankruptcy Court issued an Order directing Appellant to amend his response to Nationstar's Motion for Summary Judgment. (*See* Case No. 5:13-ap-00247 at Doc. 43.) Appellant filed an amended response on September 2, 2014. (*See Id.* at Doc. 67.) Nationstar filed a brief in response. (*See Id.* at Doc. 68.) While the Motion for Summary Judgment was pending, on October 6, 2014, Appellant filed a Motion for Contempt Sanctions for Willful Violation of

Permanent Injunction. (*See Id.* at Doc. 70.) On October 30, 2014, the Bankruptcy Court denied Nationstar's Motion for Summary Judgment. (*See Id.* at Doc. 75.)

Trial was scheduled for December 17, 2014. (*See* Case No. 5:13-ap-00247 at Doc. 75.) A hearing on the Motion for Contempt Sanctions was also scheduled for December 17, 2014. (*Id.*) On December 3, 2014, Appellant filed a Motion for Default Judgment against Bank of America and BAC as to Count I and Count III of the Complaint. (*See Id.* at Doc. 83.) Nationstar filed a response stating again that neither Bank of America nor BAC has any interest in the Property due to the Nationstar Assignment and its possession of the original Note. (*See Id.* at Doc. 84.) The Bankruptcy Court subsequently ordered that both issues would be heard at the trial set for December 17, 2014. At the trial on December 17, 2014, the Bankruptcy Court permitted Appellant to make an opening statement and counsel for Nationstar was offered the same opportunity.[1] (*See* Doc. 9-19, Tr. of Trial, at 3:1-6; 14:16-17.) Given that Appellant is pro se, the Bankruptcy Court then permitted Appellant to provide testimony in support of his Complaint. (*Id.* at 22:9-12.)

It became clear after the Bankruptcy Court questioned both Appellant and counsel for Nationstar that the foreclosure proceedings in South Carolina had made progress since the time Appellant filed the Complaint:

> THE COURT: Well, again, the substance of the reason why I didn't dismiss this
> case when I had the opportunity was that I believe the debtor had a right to

---

[1] The Court notes that the Transcript of Trial is incorrectly dated as being on December 12, 2014. (*See* Case No. 5:13-ap-00247 at Doc. 9-19 at 1.) Based on the Bankruptcy Court's docket, it appears that the trial took place on December 17, 2014. (*See, e.g, Id.* at Docs 72, 74, 88, 89, 90.)

have a secured status of an obligation determined in a Bankruptcy Court. I think what I'm hearing is that the State Court in South Carolina has progressed to the point that they have accepted, and they've taking testimony, and -- to the point where they have made some sort of ruling from the bench. I assume the record has been closed on that, is that a fair statement?

MS. SWARTZ: Your Honor, what I can -- I want to be clear, I don't want to mislead the Court. I will say that there was a hearing on a motion for summary judgment, and the court ruled, as you say, an oral ruling from the bench that's going to be reduced to writing. And my understanding from speaking with foreclosure counsel is that the ruling was entered in favor of Nationstar, but it was at the motion for summary judgment stage.

 (*Id.* at 40:4-20.)

The Bankruptcy Court then *sua sponte* raised the issue of abstention given the status of the proceedings in state court. (*Id*. at 40.) Following some questions by the Bankruptcy Court posed to both Appellant and to counsel for Nationstar, the Bankruptcy Court took a recess to review 28 U.S.C. § 1334(c)(1). (*Id.* at 44.) After the recess, the Bankruptcy Court discussed the factors to be weighed when considering abstention and their application to the case at hand. (*Id.* at 44, 51-56.) The Bankruptcy Court found that most of the factors weighed in favor of permissive abstention:

THE COURT: Here's my problem, and here's the way I see it panning out. There's -- as I said, there's two types of abstention: Mandatory and permissive. Mandatory can never be sua sponte. I -- somebody's got to move for it, and nobody has moved for abstention here.

So -- but -- so I'm looking at what's called permissive. Should I continue to go forward in this case, or should I allow this case to be disposed of by the State Court judge. I'm -- I try not to slough off cases because I think I have a responsibility to adjudicate matters in front of me. On the other -- so I -- I balance different issues.

For example, if I think a matter is a bankruptcy issue, like discharge -- a bankruptcy discharge, or the operation of the automatic stay, or the confirmation of a plan, or what I meant to say in a plan that's approved in the Bankruptcy Court, like a Chapter 13 plan, or if the continuation of a Chapter 13 or Chapter 11 plan is important, I try to retain jurisdiction.

On the other hand, if issues are more state law issues, like equitable distribution, marital interest, I generally defer to the State Court that probably handle more of that stuff than I do.

So I look at different factors when I'm looking at permissive abstention. And that one court identified those factors as, number one, the effect on an efficient administration of the estate. Really there's not much of an estate here, this is the Chapter 7 -- tail end of a Chapter 7 case. And the only reason it's been reopened is to adjudicate this obligation against the property that's owned by the debtor. Right?

MR. BRADLEY: Yes.

THE COURT: Number two, extent to which state law issues predominate. Well, these are all state law issues. If you ask me what it means under -- whether the property has a lien against a certain -- whether a mortgage is a lien against a certain piece of real estate, I have to really look to South Carolina law because property interests are determined under state law. And because the property is located in South Carolina, South Carolina law would apply.

To whether assignment's been property, whether MERS is a proper transferee, whether the documents have been recorded properly, et cetera, all those decisions I'd have to refer to South Carolina law.

The difficulty or unsettled nature of the state law, I'm not sure is unsettled because I'm not sure what the state law is specifically. If my attention is called -- you called my attention to certain state law provisions on the Statute of Limitations, et cetera. I have to go find state law. Now I can find that in the computer, but not quite as easily as Pennsylvania or Federal bankruptcy law.

The jurisdictional basis, other than 1334, which is a bankruptcy jurisdiction under which I'm making adjudication is a factor, there is no

jurisdiction that I have over this case except bankruptcy. It's the only reason I'm attached to the case.

How related or remote is it to the main bankruptcy case? The case is over. Chapter 7 is pretty much done. You got your discharge, the trustee's not administering anything, this is the only issue. So I'm not sure that plays a real role in bankruptcy.

One factor is the substance rather than the form of the asserted core proceeding. I'm not -- I think this is a core matter. There's no question that determining the status of a secured lien is a core matter. It's a matter in which I have concurrent jurisdiction with the State Court to decide, but it is a core matter.

The feasibility of severing the state law claim from bankruptcy matters, completely feasible.

The burden on my docket -- well, I'm here. There might have been a burden getting here, but we're already here. So I'm not really looking at a burden on my docket.

The likelihood that the commencement of the proceeding involves some form of forum-shopping. I have no evidence on that one way or another.

The existence of a right to a jury trial, which I don't think is a factor in this case.

And the presence of non-debtor parties. And I don't think we have anybody by a mortgagee involved.

Anyhow, I'm satisfied that the State Court matter determining the quality of the lien against this property is a State Court matter, and should be decided by a State Court judge. And whatever I do here could do nothing but disrespect that court and its expertise on state law foreclosure proceedings.

You have every opportunity to challenge the assignments and the transfers in that court. I understand it's somewhat complex, that's not because you are handling this by yourself without a lawyer. It's because it is complex. The mortgage industry has made it complex, no longer the simple "I live with my mortgagee until the house is paid." It's moved from one entity to another

entity to another entity, and I'm not even sure Ms. Swartz has a handle on all of that stuff. I'm not talking specifically about this case, I'm talking about the national efforts to deal in large-scaled mortgage transactions.

So I'm going to take this opportunity under Title 28,1334(c)(1) that in the interest of comity with State Court, that means respect for the State Court, and respect for the state law involved, which is purely South Carolina law, and the fact that this matter, although core, has only a tangential impact on the bankruptcy, that the better course is to abstain from hearing this case. And on that, I'm going to dismiss on my own motion.

(*See* Doc. 9-19 at 51-55.)

After weighing all of the factors to be taken into account when considering whether to permissively abstain, the Bankruptcy Court concluded that "I'm satisfied that the State Court matter determining the quality of the lien against the property is a State Court matter, and should be decided by a State Court judge. And whatever I do here could do nothing but disrespect that court and its expertise on state law foreclosure proceedings." (*Id*. at 54-55.) The Bankruptcy Court then dismissed the Adversary Proceeding on its own motion after determining that it would permissively abstain from hearing the case. (*Id*. at 55:17-24.) Specifically, pursuant to the Order on the docket, the Bankruptcy Court permissively abstained under 28 U.S.C. § 1334(c)(1) due to the "pending decision by the state court from South Carolina, which essentially will determine the quality and status of an alleged lien" by Appellant regarding the Property. (Doc. 9-22 at 2-3.)

After dismissing Appellant's Adversary Complaint, the Bankruptcy Court took up the other matters that remained to be addressed. (*See, e.g.,* Doc. 9-19 at 56.) Appellant had sought entry of a default judgment that, in addition to seeking default against Bank of

America for not responding to the Complaint, also included language that essentially declared all of the underlying loan documents and assignments void. (*Id.*) The Bankruptcy Court then stated that "[t]here's no way I'm going to enter a default judgment of that nature." (*Id.* at 57.)

In addition to the request for a default judgment, Appellant had also filed a "Motion for Contempt Sanctions" which alleged that Nationstar and its counsel violated the post-discharge injunction by seeking an assessment of damages in the state court proceeding. (*Id.*) In reviewing the exhibit offered by Appellant, the Bankruptcy Court determined there was no effort to collect from Appellant personally and that the grounds set forth by Appellant did not demonstrate any violation of the discharge injunction. (*See Id.* at 59-50.)

The Bankruptcy Court thereafter addressed Appellant's Order to Show Cause and Motion for Contempt Sanctions dated June 18, 2014, which contend that Appellee and its counsel submitted fraudulent pleading materials with respect to endorsements that were included on a note. (*See* Doc. 9-19 at 61-63.) Appellant argued that the endorsements were added at suspicious times and that the copy of the Note attached to a Motion for Relief in 2012 was not identical to the original promissory produced at trial on December 17, 2014. (*See Id.* at 62-63.) After an exchange between Appellant and counsel for Nationstar and after marking the original promissory Note as Court Exhibit Number 1, the Bankruptcy Court determined that no sanctions were warranted while acknowledging that "there's been some sloppy filing here." (*See Id.* at 78:7-21.)

The matter was thereafter adjourned. Appellant filed his Notice of Appeal on December 31, 2015. (*See* Doc. 1.) The appeal of Bankruptcy Judge Thomas's Abstention Order (Doc. 1-3) and Sanctions Orders (Docs. 1-1 & 1-2) is ripe for this Court's review.

### III. STANDARD OF REVIEW

Appeals from Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. Pursuant to § 158(a), district courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C § 158(a)(1) and (3). "The decision to permissively abstain ... [is a] final order[ ] reviewable by the district court." *In re BWP Gas, LLC,* 354 B.R. 701, 705 (E.D. Pa. 2006); *see also In re Federal–Mogul Global, Inc.* 300 F.3d 368, 388–89 (3d Cir. 2002). Because Bankruptcy Judge Thomas relied on the doctrine of permissive abstention in dismissing Appellant's Adversary Complaint, this Court has jurisdiction over the appeal of that final order.

A district court reviews a Bankruptcy Court's "legal determinations de novo, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re Makris,* 482 Fed. Appx. 695, 698 (3d Cir.2012). "[W]hether the [bankruptcy] court erred in exercising its authority to permissively abstain is reviewed for abuse of discretion." *In re BWP Gas, LLC,* 354 B.R. at 705; *see also In re Federal–Mogul Global, Inc.* 300 F.3d at 388–89. Additionally, this Court reviews the Bankruptcy Court's denial of Appellant's Sanctions Motions for an abuse of discretion.

## IV. ANALYSIS

Appellant seeks review of Bankruptcy Judge Thomas's Abstention Order (Doc. 1-3) and Sanctions Orders (Docs. 1-1 & 1-2). (*See generally* Docs. 1 and 5.) Additionally, in Appellant's "Notice of Filing of Appellants [sic] Statement of Issues and Designation of Record on Appeal" ("Appellant's Brief"), Appellant raises arguments that are unrelated to the Orders referenced in his Notice of Appeal.[2] (*See* Doc. 5 at 6.) The Court will address Bankruptcy Judge Thomas's Abstention and Sanction Orders, each in turn.

### A. Bankruptcy Judge Thomas's Abstention Order

In Appellant's Brief (Doc. 5), Appellant outlines the basis for his appeal of Bankruptcy Judge Thomas's Abstention Order:

> The Court/Judge Thomas […] stated he could not proceed with the Trial on the basis of the abstention Doctrine. 28 USC §1334(c)(1). Confused, the appellant was in utter shock as to how the court could clearly exercise jurisdiction for more than a year in the Adversary case and in the middle of trial strangely state it lacked jurisdiction on some "Abstention Doctrine which would have prevented the court from ever seizing jurisdiction, not use it as a way to deny appellant his entitlement to Relief. The court entered a ruling Dismissing appellants adversary Complaint.

(*Id.* at 5-6.)

---

[2] Appellant's challenging of the Bankruptcy Court's denial of Appellant's Motion for Default Judgment was not raised in Appellant's Notice of Appeal (Doc. 1), but was instead raised in Appellant's Statement of Issues and during the adversary trial (*see* Doc. 5 at 5-6; Doc. 9-19 at 56-57). Assuming *arguendo* that this decision on the part of the Bankruptcy Judge was raised in Appellant's Notice of Appeal, this Court finds that the Bankruptcy Court did not abuse its discretion in determining that Appellant's proposed default judgment order went beyond the scope of simply entering default against Bank of America by attempting to declare all underlying loan documents and assignments void. (*See* Doc. 9-19 at 56-57.) The Bankruptcy Court properly denied Appellant's Motion for Default Judgment and instead found "[t]hat Bank of America and BAC has no current interest in this mortgage." (*Id.*)

This Court finds that the Bankruptcy Court did not abuse its discretion by permissively abstaining from determining the matters at issue in the South Carolina state court's foreclosure proceedings. (*See* Doc. 9-19 at 51-56.) Courts in the Third Circuit have employed either a seven-factor or twelve-factor test to determine whether permissive abstention pursuant to 28 U.S.C. § 1334(c)(1) is appropriate. *Compare Jazz Photo Corp. v. Dreier LLP,* 2005 WL 3542468, at *7 (D.N.J. December 23, 2005) (seven-factor test) *with Bricker v. Martin,* 348 B.R. 28, 34 (W.D. Pa. 2006) (twelve-factor test). The factors in each set are "substantially similar," and for either set used, "[c]ourts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative." *Shalom Torah Centers v. Philadelphia Indem. Ins. Companies,* 2011 WL 1322295, at *4 (D.N.J. Mar. 31, 2011). Further, "not all the factors necessarily need to be considered." *Monmouth Investor, LLC v. Saker,* 2010 WL 143687, at *4 (D.N.J. Jan. 12, 2010). The pertinent caselaw demonstrates that bankruptcy courts have considerable discretion to decide whether to abstain under section 1334(c)(1). *See, e.g., P & G Realty Corp. v. Erenberg,* 157 B.R. 239, 242 (Bankr. W.D. Pa.1993); *Civic Center Cleaning v. Reginella Corp.,* 140 B.R. 374 (W.D. Pa 1992); *In re Southwinds Assocs. Ltd.,* 115 B.R. 857, 861 (Bankr. W.D. Pa. 1990).

In this case, the Bankruptcy Court utilized the twelve-factor test: (1) the effect on the efficient administration of the estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of applicable state law; (4) the

presence of a related proceeding commenced in state court or other non-Bankruptcy Court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness

or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than

the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims

from core bankruptcy matters to allow judgments to be entered in state court with

enforcement left to the Bankruptcy Court; (9) the burden on the court's docket; (10) the

likelihood that the commencement of the proceeding in Bankruptcy Court involves forum

shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the

presence of non-debtor parties. (*See* Doc. 9-19 at 51-56); *see also In re D'Angelo,* 475 B.R.

424, 440-442 (Bankr. E.D. Pa. 2012), *aff'd,* 491 B.R. 395 (E.D. Pa. 2013) (outlining the

twelve factors to consider with respect to permissive abstention).

Considering the first factor, the effect on the efficient administration of the estate, this

Court agrees with the Bankruptcy Court that the Chapter 7 estate was essentially

completed, and was reopened only to adjudicate the at-issue obligation against the property

owned by Appellant. (*See* Doc. 9-19 at 53:19-54:1.) Additionally, considering the second

factor, the extent to which state law issues predominate over bankruptcy issues, the

Bankruptcy Court correctly found that state law issues would predominate:

> THE COURT: Number two, extent to which state law issues predominate. Well,
> these are all state law issues. If you ask me what it means under -- whether the
> property has a lien against a certain -- whether a mortgage is a lien against a
> certain piece of real estate, I have to really look to South Carolina law because
> property interests are determined under state law.

> And because the property is located in South Carolina, South Carolina law would apply. To whether assignment's been property, whether MERS is a proper transferee, whether the documents have been recorded properly, et cetera, all those decisions I'd have to refer to South Carolina law.

(Doc. 9-19 at 54:3-14.)

Considering the third factor, the difficult or unsettled nature of the law, the

Bankruptcy Court properly recognized its lack of expertise or knowledge of South Carolina

law and thus its inability to determine whether those laws are particularly difficult or

unsettled:

> The difficulty or unsettled nature of the state law, I'm not sure is unsettled because I'm not sure what the state law is specifically. If my attention is called -- you called my attention to certain state law provisions on the Statute of Limitations, et cetera. I have to go find state law. Now I can find that in the computer, but not quite as easily as Pennsylvania or Federal bankruptcy law.

(Doc. 9-19 at 53:15-21.)

Therefore, as the Bankruptcy Court suggested through its analysis, this factor is

relatively neutral.

Considering the fourth factor, the presence of a related proceeding commenced in

state court or another non-Bankruptcy Court, the Bankruptcy Court appropriately recognized

that there were related proceedings substantially underway in South Carolina courts:

> THE COURT: Have a seat. Here's what troubles and frustrates me: No matter what I do, it's going to affect the judge in South Carolina's decision. No matter what the South Carolina judge does, it's going to affect the decision I make.
> . . . .
> The issue on abstention really was not presented to me directly. So I really didn't know what happened to the South Carolina case until I was alerted at this point. And although I guess I understand that preliminary motions have

> resulted in a bench disposition of some sort, which strikes me that the court's very close to issuing a decision.

(Doc. 9-19 at 44:4-7; 45:4-9.)

Therefore, although not expressly stated by the Bankruptcy Court during the trial, this factor also weighs in favor of permissive abstention.

As "comity is a significant consideration in permissive abstention," *In re Kessler,* 430 B.R. 155, 167 (Bankr. M.D. Pa. 2010), the presence of a related state proceeding that was nearing completion weighs in favor of permissive abstention. Although Bankruptcy Judge Thomas's finding as to the third factor was neutral, factors one, two, and four relating to the state court's interest in and ability to resolve this dispute outweigh factor three.

Considering the fifth factor, the jurisdictional basis, if any, other than 28 U.S.C. § 1334, the Bankruptcy Court properly determined that the only basis for jurisdiction on the part of the Bankruptcy Court was 28 U.S.C. § 1334:

> The jurisdictional basis, other than 1334, which is a bankruptcy jurisdiction under which I'm making adjudication is a factor, there is no jurisdiction that I have over this case except bankruptcy. It's the only reason I'm attached to the case.

(Doc. 9-19 at 53:22-54:1.)

Therefore, the Bankruptcy Court was appropriate in determining through its analysis that this factor weighs in favor of permissive abstention. *See, e.g., In re Asousa P'ship,* 264 B.R. 376, 392 (Bankr. E.D. Pa. 2001) (lack of independent jurisdiction weighs in favor of abstention).

Considering the sixth factor, the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, this Court agrees with the Bankruptcy Court's analysis suggesting that this factor weighs in favor of permissive abstention. The Bankruptcy Court stated that:

> How related or remote is it to the main bankruptcy case? The case is over. Chapter 7 is pretty much done. You got your discharge, the trustee's not administering anything, this is the only issue. So I'm not sure that plays a real role in bankruptcy.

(Doc. 9-19 at 54:2-6.)

The Bankruptcy Court was proper in finding that the lack of relatedness to the main bankruptcy case weighs in favor of permissive abstention in light of the bankruptcy case being essentially completed.

Considering the seventh factor, the substance rather than the form of an asserted "core" proceeding, the Bankruptcy Court correctly recognized that the determination of the status of a secured lien is substantively a core matter:

> One factor is the substance rather than the form of the asserted core proceeding. I'm not -- I think this is a core matter. There's no question that determining the status of a secured lien is a core matter. It's a matter in which I have concurrent jurisdiction with the State Court to decide, but it is a core matter.

(*Id*. at 54:7-12); *see also Halper v. Halper,* 164 F.3d 830, 839 (3d Cir. 1999) (noting that, with a mixture of core and non-core claims, the claims should each be separately analyzed to determine if they are core or non-core).

The Bankruptcy Court was therefore proper in analyzing that this factor weighs against permissive abstention.

Considering the eighth factor, the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the Bankruptcy Court, the Court agrees with the Bankruptcy Court that it is "completely feasible" to separate the state law claims from the bankruptcy proceeding that was near completion. (*See* Doc. 9-19 at 54:13-14.) This factor thus weighs in favor of permissive abstention.

Considering the ninth factor, the burden on the Bankruptcy Court's docket, the Bankruptcy Court appropriately recognized that it had already undertaken a substantial amount of work with respect to the proceedings:

> The burden on my docket -- well, I'm here. There might have been a burden getting here, but we're already here. So I'm not really looking at a burden on my docket.

(*Id.* at 54:15-17.)

Therefore, the Bankruptcy Court's analysis supports a finding that this factor is relatively neutral or slightly negative with respect to permissive abstention.

Considering the tenth factor, the likelihood that the commencement of the proceeding in Bankruptcy Court involves forum shopping by one of the parties, the Bankruptcy Court was appropriate in concluding that it had "no evidence on that one way or the other" (*Id.* at 54:19-20) and therefore that this factor is neutral with respect to abstention.

Considering the eleventh factor, the existence of a right to a jury trial, Bankruptcy Judge Thomas did not clarify the meaning of his statement that "I don't think [it] is a factor in this case." (*Id.* at 54:21-22.) The Court will consider this factor as holding no weight to its current analysis of the Bankruptcy Court's decision to permissively abstain.

Finally, considering the twelfth factor, the presence of non-debtor parties, the Bankruptcy Court weighed this factor in favor of permissive abstention by determining that "I don't think we have anybody [but] [sic] a mortgagee involved." (*Id.* at 54:23-24.)

In sum, seven factors weigh in favor of abstention (1, 2, 4, 5, 6, 8, and 12), one factor weighs against abstention (7), and four factors are neutral (3, 9, 10, 11). The Bankruptcy Court, applying the twelve factors test, also concluded that:

> I'm satisfied that the State Court matter determining the quality of the lien against this property is a State Court matter, and should be decided by a State Court judge. And whatever I do here could do nothing but disrespect that court and its expertise on state law foreclosure proceedings.

(Doc. 9-19 at 55:1-5.)

Noting that "[s]ome factors are more substantial than others, such as the effect on the administration of the estate, whether the claim involves only state law issues, and whether the proceeding is core or non-core under 28 U.S.C. § 157," (quoting *In re Fruit of the Loom, Inc.,* 407 B.R. 593, 600 (Bankr. D. Del. 2009)), this Court finds that the Bankruptcy Court's focus on the fact this state law claim would better be considered in the ongoing state court proceeding was appropriate. Therefore, having considered the weight of certain factors relative to others, the Bankruptcy Court properly concluded that permissive

abstention was warranted in this instance. This Court finds that the Bankruptcy Court's

decision to abstain was reasonable and not an abuse of discretion and will affirm

Bankruptcy Judge Thomas's Abstention Order (Doc. 1-3) accordingly.

## B. Bankruptcy Judge Thomas's Sanctions Orders

Appellant has also appealed Bankruptcy Judge Thomas's two Orders relating to

Appellant's request for sanctions against Appellee. (*See* Docs 1-1 & 1-2.) For the reasons

explained more fully below, the Court will affirm Bankruptcy Judge Thomas's Sanctions

Orders.

Federal Rule of Bankruptcy Procedure Rule 9011 governs the imposition of

sanctions. "A motion for sanctions under this rule shall be made separately from other

motions or requests and shall describe the specific conduct alleged to violate subdivision."

Fed. R. Bankr. P. 9011(c)(1)(A). "The motion for sanctions may not be filed with or

presented to the court, unless, within 21 days after service of the motion (or such other

period as the court may prescribe), the challenged paper, claim, defense, contention,

allegation, or denial is not withdrawn or appropriately corrected…". *Id.* Alternatively, the

court may enter an order describing sanctionable conduct and directing the party to show

cause why he or she should not be sanctioned. *Id*.

"While courts may use Rule 9011 sanctions at their discretion, policy considerations

direct courts to exercise restraint. These policy considerations are particularly important in

this Circuit. Therefore, a court should impose Rule 9011 sanctions only in egregious

circumstances." *In re 15375 Memorial Corporation*, 430 B.R. 142, 150 (Bankr. D.E. 2010) (citations omitted).

"The standard for imposing sanctions under Rule 11 is stringent because such sanctions (1) are in 'derogation of the general American policy of encouraging resort to the courts for peaceful resolution of disputes,' (2) tend to 'spawn satellite litigation counter-productive to efficient disposition of cases,' and (3) increase tensions among the litigation bar and between the bench and the bar." *Id.* (citing *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987)). "A court must make a finding of bad faith before imposing sanctions pursuant to its inherent power to sanction attorneys. Sanctions under Rule 9011 can be imposed for objectively unreasonable conduct." *In re Amoroso*, 123 F. App'x. 43, 47(3d Cir. 2004). Rulings on motions such as these are a mixed question of law requiring discretionary determinations by the trial court, and thus are reviewed under an abuse of discretion standard. "Under the deferential abuse of discretion standard, we will reverse only where the court's decision is arbitrary, fanciful, or clearly unreasonable—in short, where no reasonable person would adopt the court's view." *In re VistaCare Grp., LLC*, 678 F.3d 218, 232 (3d Cir. 2012) (internal ellipsis, quotations, and citation omitted).

Here, Appellant seeks the appeal of Bankruptcy Judge Thomas's Orders denying Appellant's "Order to Show Cause" (Doc. 1-1) and "Motion for Contempt Sanctions" (Doc. 1-2). In pertinent part, Appellant argues that:

> [t]he court later held Sanctions hearing immediately after Trial and with all the evidence against Nationstar and counsel Ann Swartz, McCade & Weisberg again let them off by denying any sanctions against them.

(Doc. 5 at 6.)

Appellant offers no details in his brief as to how the Bankruptcy Court erred in denying Appellant's motions. (*See generally* Doc. 5.) The hearing transcript reveals that Bankruptcy Judge Thomas extensively considered the basis of Appellant's request for sanctions and permitted argument from both Appellant and Appellee's counsel. (*See* Doc. 9-19 at 62-78.) During the hearing, Appellant argued that Appellee's counsel forged or made misrepresentations with respect to deceptively adding certifications on a note that Appellee's counsel contended in their pleadings was the most up-to-date and recent certified copy of the original. (*See* Doc. 9-19 at 66-73.) Following this extensive exchange between Bankruptcy Judge Thomas, Appellant, and Appellee's counsel, Bankruptcy Judge Thomas concluded that:

> THE COURT: Well, okay. Listen, I think I've heard enough. I think there's been some sloppy filing here, frankly, by whoever.
>
> I'm just looking at the original motion for relief. It's a motion for relief filed by Bank of America, N.A., who claim to be the successor to BAC, formerly known as Countrywide Home Loans Servicing, LP. And then they attach the note, and the last endorsement is to Countrywide Bank, FSB, which I assume is a different entity than Countrywide Home Loans Servicing LP. So it's basically, I guess, not relevant. It's endorsed in blank. Whether it's an old copy, probably whoever filed the document didn't do their homework, or relied on others to do homework.
>
> I don't see this as worthy of sanctions. And I'm going to deny your request.

(Doc. 9-19 at 78:7-21.)

The hearing transcript reveals that Bankruptcy Judge Thomas fully considered Appellant's requests for sanctions and explained his reasoning behind declining to impose sanctions. Appellant does not offer any support to find, nor can this Court delineate, that Bankruptcy Judge Thomas's decision was "arbitrary, fanciful, or clearly unreasonable." *In re VistaCare Grp., LLC*, 678 F.3d at 232. Bankruptcy Judge Thomas did not abuse his discretion by denying Appellant's motions for sanctions and therefore Bankruptcy Judge Thomas's Abstention Orders (Docs. 1-1 and 1-2) will be affirmed accordingly.

## V. CONCLUSION

For the reasons explained herein, the Court will deny Appellant's appeal and affirm the Bankruptcy Court's Abstention Order (Doc. 1-3) and Sanctions Orders (Docs. 1-1 & 1-2). An appropriate Order is filed simultaneously with this Opinion.

Robert D. Mariani
United States District Judge